VERDICT FOR THE DEFENDANT.

———⁂———

# GENERAL COURT, (E. S.) APRIL TERM, 1803.

## COLLINS *et ux.* Lessee *vs.* NICOLS *et ux.*

EJECTMENT for *Tully's Addition Corrected, Tully's
Addition,* and *Roe's Lane,* lying in Queen-Anne's coun-
ty. General issue pleaded.

The declarations
of a deceased wit-
ness to a will are
not evidence of
his signature.
Where all the

witnesses to a will are dead, there must be proof of the testator's hand writing, and of the hand writing
of all the witnesses; and where the witnesses set their marks, there must be proof that such marks
were made by them.

1. At the trial of the cause, it was admitted that a certain *Samuel Roe*, under whom the lessors of the plaintiff claimed the lands, for which the suit was brought, as devisees, and the defendants as heir at law, died seized of the said lands; and the plaintiff, in support of the issue on his part, produced an instrument of writing, dated the 5th of May 1776, purporting to be the last will and testament of the said *Samuel Roe*, and to be signed and sealed by him, and to be witnessed by *Joseph Bicklin, Thomas Wiggins* and *Thomas Roe*, having the name *Thomas Roe* signed to it, and marks, purporting to be the marks of *Joseph Bicklin* and *Thomas Wiggins*, affixed thereto; by which instrument the testator devised the lands mentioned in the declaration to *Mele Roe*, daughter of his brother *Thomas Roe*, and one of the lessors of the plaintiff, and appointed *Samuel Roe* his executor. The following indorsement was made by the deputy commissary on the 16th of April 1777; "The probat of the within will objected to by *Ben. Elliott*, who married the daughter of the deceased." The plaintiff also produced a renunciation by *Samuel Roe* as executor, with a request that administration might be granted to *Benjamin Elliott*; and he gave in evidence that *Thomas Roe, Joseph Bicklin* and *Thomas Wiggins* were, at the time when the said instrument bears date, neighbours of the said *Samuel Roe*, the testator, and that one of them, *Joseph Bicklin*, lived on his land, and that all of them are now dead. That the name *Thomas Roe*, so signed to said instrument, was in the hand writing of the said *Thomas*, and that said instrument itself was in the hand writing of the late Reverend *Samuel Roe*, who is now dead, and who was the nephew of the said testator, and that he was a man of fair and respectable character. He further gave in evidence, that the said *Amelia*, to whom the lands mentioned in the declaration are devised in the said instrument, lived with the testator at the time it bears date, and until his death, which happened about a year after, and that she was not more than three or four years of age at his death. That the testator expressed for the said *Amelia* the same affection as is

usual for parents to show to their children. That her
mother was also at the same time living with him,
and was the wife of his brother. That the testator had
only one daughter, who was at the date of the said in-
strument married to *Benjamin Elliott*. That the testator
died on or about the 1st of April 1777, and the said
*Elliott* entered, in the month of April of the same
year, a caveat against the probat of the said will.
The plaintiff further offered in evidence to the jury,
that the name *Samuel Roe*, signed to the said instru-
ment of writing, was the hand writing of the said
*Samuel Roe*, whose will the said instrument purports
to be, and that the words *Joseph Bicklin his mark*,
and *Thomas Wiggins his mark*, are in the hand wri-
ting of the testator, or of his nephew. The plaintiff
further offered evidence, that the said *Bicklin* and
*Wiggins* were illiterate and incapable to write, and he
produced witnesses to prove that the said *Bicklin* and
*Wiggins*, before their death, and before and after the
death of the said *Samuel Roe*, the testator, declared
that they had witnessed a will made by the said *Roe*;
and he offered to prove, by the wife of *Bicklin*, that
about the time when the said instrument is dated,
*Bicklin* was sent for by the testator, and that he went,
and on his return informed her that the said testator
had executed his will, and that the said *Wiggins*,
*Thomas Roe*, and himself, had witnessed it.

CHASE, Ch. J. The court are of opinion that the
plaintiff cannot give in evidence the declarations of
the witnesses whose names are signed to the will, and
they refuse to permit the same to be given in evi-
dence; and the court do determine, that the plaintiff
shall not read to the jury the contents of the instru-
ment of writing purporting to be the will of *Samuel
Roe*; and that upon the evidence which has been given
to the jury by the plaintiff, it shall not be submitted
to the jury whether the said *Samuel Roe* did execute
the said will in the manner, as by the statute in such
cases made and provided, required. The plaintiff ex-
cepted.

APRIL 1803.

Collins
vs.
Nicols.

Collins
vs.
Nicols.

The hand writing of a deceased witness to a will may be proved, but the declarations of such witness that he had signed the will, &c. are not legal evidence to prove his hand writing.

Where all the witnesses to a will are dead, the hand writing of the testator, and of all the witnesses, must be proved, before the will can be given in evidence; and where the witnesses have put their marks, there must be proof that such marks are the marks of the witnesses.

2. The plaintiff then, to establish the said will, gave in evidence to the jury, that the said *Thomas Roe, Wiggins* and *Bicklin,* were dead; and to prove the signature of the said *Thomas Roe,* produced a witness, who swore that he was well acquainted with the hand writing of the said *Thomas Roe,* and had seen him write, and that the name "*Thomas Roe*" signed to the said instrument resembled the hand writing of the said *Thomas Roe,* and was as he believed his hand writing. He further offered to give evidence to the jury, that the said *Thomas Roe* in his lifetime declared, that he had signed his name as a witness to a will of *Samuel Roe;* and that after the death of the said *Samuel Roe,* he the said *Thomas Roe* saw the paper aforesaid now produced, and his said name thereto subscribed, and did declare that his name thereto subscribed was his hand writing, and that he had set his name thereto at the request of the testator.

CHASE, Ch. J. The court are of opinion that the plaintiff may prove the hand writing of *Thomas Roe,* one of the witnesses, whose name is signed to the will, but the declarations of the said *Thomas Roe* are not legal evidence to prove the hand writing of the witness, and they refuse to permit the same to be given in evidence to the jury.

The court are also of opinion, that there must be proof of the hand writing of the testator, and of all the witnesses, before the will can be given in evidence; and where the witnesses have put their marks, there must be proof that such marks are the marks of the witnesses. The plaintiff excepted.

*Martin,* (Attorney General,) *Scott* and *Earle,* for the plaintiff.

*Wright* and *J. Bayly,* for the defendants.

The counsel in arguing the points before the court cited the case of *Collins et ux. Lessee vs. Elliott (ante* 1,*)* and the authorities there cited.

Verdict and judgment for the Defendants, and the Plaintiff appealed to the Court of Appeals.

THE COURT OF APPEALS, at June term 1808, (E. S.)
*affirmed* the judgment of the General Court.